# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN FIELDS**, *et al.*, | : | CIVIL ACTION NO. 1:16-CV-1764 |
| Plaintiffs | : | |
| v. | : | (Chief Judge Conner) |
| **SPEAKER OF THE PENNSYLVANIA HOUSE OF REPRESENTATIVES**, *et al.*, | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 7th day of February, 2018, upon consideration of defendants' motion (Doc. 84) for relief from Local Rule 56.1, wherein defendants assert that the Rule 56.1 statement of material facts submitted in support of plaintiffs' motion for summary judgment is excessively long, contains immaterial facts, and violates both the plain language and the spirit of Rule 56.1, and wherein defendants request, in lieu of striking plaintiffs' Rule 56.1 statement, that the court relieve defendants of their responsive obligation under the rule, (id. ¶¶ 13-15), and that, in the alternative, if the court is disinclined to grant the requested relief, that the court instead strike plaintiffs' statement in its entirety, (see id. at 5 n.1), and the court observing that, pursuant to Rule 56.1, a motion for summary judgment must be accompanied by a "separate, short and concise statement of material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried," LOCAL RULE OF COURT 56.1, and that the rule further obliges a nonmovant to respond to each of the enumerated paragraphs of the moving party's statement, identifying

those issues as to which genuine issues remain to be tried, id., and observing further that Rule 56.1 serves two critical functions, to wit: enabling the court to "identify contested facts expeditiously" and preventing genuine disputes "from becoming obscured by a lengthy record," Weitzner v. Sanofi Pasteur, Inc., No. 11-CV-2198, 2017 WL 3894888, at *11 (M.D. Pa. Sept. 6, 2017) (quoting Pinegar v. Shinseki, No. 07-CV-0313, 2009 WL 1324125, at *1 (M.D. Pa. May 12, 2009)), and that a court may, in its discretion, strike a statement for noncompliance with Rule 56.1, see id. (collecting cases), and the court determining that plaintiffs' Rule 56.1 statement—containing 600 paragraphs and spanning more than 130 pages—is neither "short" nor "concise," and that, even measured against the complex constitutional questions raised *sub judice*, the 600 statements included therein cannot each be "material" to the extant disputes, and determining further, upon careful review of plaintiffs' statement, that many of the "facts" included therein are merely summaries of and quotations from deposition testimony and other record evidence rather than a statement of the ultimate fact supported thereby, such that plaintiffs' statement, as presently constituted, would "hinder rather than facilitate" the court's consideration of the summary judgment record, Hartshorn, 2009 WL 761270, at *3, and the court appreciating defendants' efforts to resolve the matter amicably by seeking relief from their responsive obligation rather than moving to strike plaintiffs' statement, (Doc. 84 ¶¶ 13-15 & n.1), but resolving that the proposed course improperly shifts the burden of identifying disputed and material facts from the parties to the court, and thus concluding that the best and most prudent course

is to strike plaintiffs' statement (Doc. 79) with leave to file a new statement in compliance with Local Rule 56.1, it is hereby ORDERED that:

1. Defendants' motion (Doc. 84) is DENIED to the extent it seeks leave from its responsive obligation under Rule 56.1 but is GRANTED to the extent it requests that the court strike plaintiffs' noncompliant Rule 56.1 statement.

2. Plaintiffs' statement of material facts (Doc. 79) is STRICKEN from the record for noncompliance with the requirements of Rule 56.1.

3. Within 14 days of today's date, plaintiffs shall file an amended statement of material facts which complies with the requirements of Rule 56.1. Plaintiffs' statement shall be limited to no more than 100 paragraphs and shall include only those facts which are undisputed and material to the matter *sub judice*.

4. Defendants' opposition brief and responsive Rule 56.1 statement shall be filed within 21 days of service of plaintiffs' Rule 56.1 statement.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania