IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN FIELDS**, *et al.*, | : | CIVIL ACTION NO. 1:16-CV-1764 |
| Plaintiffs | : | (Chief Judge Conner) |
| v. | : | |
| **SPEAKER OF THE PENNSYLVANIA HOUSE OF REPRESENTATIVES**, *et al.*, | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 16th day of October, 2018, upon consideration of the motion (Doc. 114) for a stay of injunction filed by defendant the Pennsylvania House of Representatives (the "House"), wherein the House asks the court to exercise its discretion pursuant to Federal Rule of Civil Procedure 62(c) to stay its August 29, 2018 order (Doc. 110) enjoining the continuance and enforcement of the House's guest chaplain policy and pre-2017 invocation practices, and upon consideration of the parties briefing in support of and opposition thereto, (Docs. 116, 118), and the court observing that the factors to consider when deciding a motion for stay pending appeal include (1) whether the movant has made a strong showing of likely success on the merits on appeal, (2) whether—absent a stay—the movant will suffer irreparable injury, (3) whether the other parties of interest in the proceedings will be substantially injured by a stay, and (4) "where the public interest lies," In re Revel AC, Inc., 802 F.3d 558, 568 (3d Cir. 2015) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)), and the court further observing that the Supreme Court of the

United States finds the first two factors to be the "most critical," Nken v. Holder, 556 U.S. 418, 434 (2009), and it appearing in the case *sub judice* that the first two factors weigh heavily against granting a stay insofar as the merits of the constitutional issues at bar have been firmly decided against the House and the House has failed to demonstrate significant hardship—let alone irreparable injury—when faced with an injunction, see generally Fields v. Speaker of the Pa. House of Representatives, __ F. Supp. 3d __, 2018 WL 4110560 (M.D. Pa. Aug. 29, 2018), and it further appearing that the remaining two factors likewise favor plaintiffs' position inasmuch as plaintiffs would continue to suffer First Amendment injuries and the public interest is served by the injunction, see id. at *15, it is hereby ORDERED that the House's motion (Doc. 114) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania